The Memorandum Decision below is signed. Dated:
April 23, 2008.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re ) | |
| ) | |
| AEGINA INVESTMENTS, LLC, ) | Case No. 07-00297 |
| ) | (Chapter 11) |
| Debtor. ) | **Not for Publication in** |
| ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE TRUSTEE'S MOTION TO SELL REAL PROPERTY

This supplements the court's oral decision of this date. The trustee only contacted two entities regarding possibly buying the property, namely, the two entities who had made offers to the debtor for the property during the past five years. That was an insufficient exposure of the property to the market. See In re Castre, Inc., 312 B.R. 426, 428 (Bankr. D. Colo. 2005) (in addressing a sale motion, the court must consider whether there was "proper exposure to the market"); In re Gulf States Steel, Inc. of Alabama, 285 B.R. 497, 514 (Bankr. N.D. Ala. 2002) (same). The court thus declined to approve the sale at this juncture.

There remains the question whether the length of time that the property will be exposed to the market before the next

hearing will be sufficient to assure that a price is obtained that maximizes the benefit to the estate in comparison to what would result were the property exposed to the market by a real estate broker for the six to nine months (and more likely nine months) that the trustee's expert opined would be necessary to achieve a sale of the property at fair market value.  The property's carrying costs are relatively slight, and a sale now at less than fair market value would result in the estate earning only a modest amount of interest for the period of approximately a year that it would take to close a sale at fair market value.

The court did not decide whether the current proposed sale would be in the best interests of the estate were it still the highest and best offer after the property is fully exposed to the market during the month prior to the next hearing.  Yes, the current sale price might be within the range of what would be expected to be achieved in a liquidation sale conducted during a one-month period, but that does not necessarily mean that the sale is superior to the trustee's marketing the property through a real estate broker to achieve fair market value.  The trustee will need to convince me that the current offer is in the best interests of the estate even though his only evidence of the fair market value suggests that the estate would be better off than if the property were marketed through a broker to attempt to achieve a sale at fair market value (after taking into account a broker's

fee, carrying costs, and the time value of the delayed receipt of sales proceeds).

[Signed and dated above.]


Copies to: Debtor; Scott J. Newton, Esq. [Debtor's attorney]; Office of United States Trustee; Linda M. Correia, Esq. [counsel for trustee]; Jeffrey L. Tarkenton, Esq. [counsel for Alturas Real Estate Interests, LLC]; Marc Albert, Esq. [counsel for proposed purchaser].